IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-00284-F

| | |
|---|---|
| WILLIAM LEONARD and KAREN LEONARD, <br>     Plaintiffs, <br><br> v. <br><br> BED, BATH & BEYOND, INC., <br>     Defendant/Third-Party Plaintiff, <br><br> v. <br><br> NAPA HOME & GARDEN, INC., et al. <br>     Third-Party Defendants | ) <br> ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

This matter is before the court on Third-Party Defendant Ashland, Inc.'s ("Ashland") Motion to Dismiss [DE-75] and Third-Party Defendant Essential Ingredients, Inc.'s ("Essential Ingredients") Motion to Dismiss Counts 11, 12, and 13 of Bed Bath & Beyond, Inc.'s Third-Party Complaint [DE-80]. For the reasons discussed below, the instant motions are ALLOWED in part and DENIED in part.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs William and Karen Leonard ("the Leonards") filed a complaint in the underlying personal injury action against Bed, Bath & Beyond, Inc. ("BBB") on April 11, 2014, in the United States District Court for the District of New Jersey.[1] Compl. [DE-1]. The Leonards' Complaint asserts claims of Negligence, Strict Products Liability, Breach of Express Warranties, Breach of Implied Warranties of Merchantability, Negligent Infliction of Emotional Distress, and Loss of

---

[1] The action was later transferred to this district. *See* Order of May 22, 2015 [DE-47].

Consortium. Each of the Leonards' causes of action arise out of injuries sustained by Mr. Leonard when he was burned while attempting to use FireGel Citronella Eco-Gel Fuel ("FireGel") purchased from BBB. *See id.*

On January 12, 2015, BBB filed its Third-Party Complaint [DE-24] against Napa Home & Garden, Inc., Fuel Barons, Inc., Ashland, Inc., Cycan Industries, Inc., Losorea Packaging, Inc., and Essential Ingredients, Inc. In the event it is held liable to the Leonards, BBB seeks compensation from Ashland and Essential Ingredients for claims sounding in Negligence, Breach of Implied Warranty, Product Liability, Indemnification, and Contribution. Ashland's and Essential Ingredients' Motions to Dismiss [DE-75, -80] have been fully briefed, and are now ripe for disposition. In favor of their Motions to Dismiss, Ashland and Essential Ingredients make substantially similar legal and factual arguments, and each company refers to and incorporates the arguments of the other. *See* Ashland Mot. Dismiss Mem. [DE-76] at 1 n.1; Essential Ingredients Mot. Dismiss Mem. [DE-82] at 2 n.3. Accordingly, the court will discuss the motions together.

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must determine the legal sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In so doing, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Moreover, although the court draws all reasonable factual inferences in a plaintiff's favor, the

court is not obligated to accept a complaint's legal conclusions drawn from the facts. *Iqbal*, 556 U.S. at 678. Nor must the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). "In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

## III. DISCUSSION

### A. Component Seller Doctrine

Ashland argues, primarily, that the component seller doctrine bars its liability to BBB. The United States District Court for the Middle District of North Carolina described and applied this doctrine in *Travelers Ins. Co. v. Chrysler Corp.*, 845 F. Supp. 1122 (M.D.N.C. 1994). Noting the absence of any North Carolina or Fourth Circuit case on point, the court in *Travelers* relied on a case out of the Sixth Circuit to hold that a "component part manufacturer [has] no duty to analyze the design of the completed product" because "extending the duty to make a product safe to the manufacturer of a nondefective component part would be tantamount to charging a component part manufacturer with knowledge that is superior to that of the completed product manufacturer." *Id.* (quoting *Childress v. Gresen Mfg. Co.*, 888 F.2d 45, 49 (6th Cir. 1989)). Ashland argues that it is the mere manufacturer of a component part, and as such, is not liable for the finished product's defects. Ashland Mot. Dismiss Mem. [DE-76] at 12–14.

Ashland's argument with regard to the component seller doctrine is premature. BBB's complaint alleges that Ashland's role in the production of FireGel was more than that of a mere component seller. *See* Third-Party Compl. [DE-24] ¶ 144 ("Ashland, Inc. . . . participated in the

3

design, manufacture, packaging, labeling, distribution and supply for retail sale ... [of] the FireGel products that are the subject of Plaintiff's Complaint."). Although Ashland may disagree with the facts as alleged by BBB, the court must take BBB's well-pleaded allegations as true when considering a motion to dismiss under Rule 12(b)(6). Assuming, as it must, that Ashland participated as alleged in the design and manufacture of FireGel, the court does not find the component seller doctrine applicable at this stage of the litigation.[2]

## B. Negligence

To prove a products liability claim under a negligence theory, the plaintiff must show that: "(1) the product was defective at the time it left the control of the defendant, (2) the defect was the result of defendant's negligence, and (3) the defect proximately caused plaintiff damage." *Red Hill Hosiery Mill, Inc. v. MagneTek, Inc.*, 530 S.E.2d 321, 326 (N.C. Ct. App. 2000). Thus, simply demonstrating the existence of a defective product is insufficient—the plaintiff must also prove the elements of common law negligence. *See id.* at 326 n.5. These elements are: "(1) a legal duty[,] (2) a breach thereof[,] and (3) injury proximately caused by the breach." *Fussell v. N.C. Farm Bureau Mut. Ins. Co.*, 695 S.E.2d 437, 440 (N.C. 2010) (quoting *Stein v. Asheville City Bd. of Educ.*, 626 S.E.2d 263, 267 (N.C. 2006)).

Essential Ingredients argues that BBB fails to allege that it has suffered an injury, and thus fails to state a claim for negligence. Instead, according to Essential Ingredients, BBB's negligence claim is merely a disguised claim for indemnification or contribution. According to Essential Ingredients, the alleged injury at issue in this case was suffered by the Leonards—not BBB. Essential Ingredients points to the Third-Party Complaint, which "expressly admits that BBB has not suffered any actionable negligence but is only seeking recovery in the event it is eventually held liable for harm caused to Plaintiffs." Essential Ingredients Mot. Dismiss Mem. [DE-82] at 6 (citing Third-Party

---

[2] Ashland cites several cases from state and federal courts in which the component seller doctrine has barred liability in similar circumstances. Ashland Mot. Dismiss Mem. [DE-76] at 9–10. The court notes that the majority of these cases were decided at the summary judgment stage, rather than on a motion to dismiss under Rule 12(b)(6).

4

Complaint [DE-24] ¶ 174 ("If any of the allegations in Plaintiff's Complaint are true, which Bed Bath and Beyond denies, Essential Ingredients, Inc. breached its duty and was negligent.")). Here, the court agrees with Essential Ingredients. By alleging that it will be injured—and thus its claim against Essential Ingredients will arise—only if it is found liable to the Leonards, BBB clearly presents a claim for contribution or indemnity, rather than actionable negligence.

BBB argues that it must plead the third-party defendants' predicate tortious conduct in order to sustain its claims for contribution or indemnity and thus, it is entitled to plead that tortious conduct as an independent cause of action. BBB mistakenly conflates the elements of its claims. The basis of liability in indemnification and contribution is the tortious conduct of the third-party defendant that led to the original plaintiff's—in this case, the Leonards—injuries.[3] The basis for liability in negligence is the defendant's tortious conduct leading to the injury of the party bringing the negligence claim— here, BBB. Thus, the predicate tortious conduct to be pleaded in support of indemnification and contribution is that which led to the *Leonards'* injuries, while the tortious conduct to be pleaded in support of a negligence claim is that which led to BBB's injuries.

Additionally, even if BBB was entitled to an independent claim of negligence here, the economic loss rule would prohibit recovery. In an action for negligence, "North Carolina follows the majority rule and does not allow the recovery of purely economic losses." *AT&T Corp. v. Med. Review, Inc.*, 876 F. Supp. 91, 93 (E.D.N.C. 1995) (citing *Chicopee, Inc. v. Sims Metal Works, Inc.*, 391 S.E.2d 211, 217 (1990)). Generally, the Fourth Circuit "views physical harm as a distinguishing factor between noneconomic and economic losses." *Id.* at 94 (citing *2000 Watermark Ass'n, Inc. v. Celotex Corp.*, 784 F.2d 1183, 1185–86 (4th Cir. 1986)). Thus, where the only injury alleged is "damage to ... financial resources ....[,] such loss [is] not recoverable under tort law in a products liability

---

[3] *See Hunsucker v. High Point Bending & Chair Co.*, 75 S.E.2d 768, 771 (N.C. 1953). Indemnification and contribution will be discussed more thoroughly below.

5

action in North Carolina." *Id.* BBB has alleged only potential economic losses, which are not compensable by way of a products liability claim sounding in negligence.

BBB has not alleged that it has suffered any injury. Further, to the extent that BBB has alleged an injury to itself, the injury is merely economic. Accordingly, BBB's negligence claims against Ashland and Essential Ingredients are DISMISSED.

## C. Breach of Warranty/Product Liability

To state a products liability claim grounded in warranty, the plaintiff must show that: "(1) the defendant warranted the product (express or implied) to plaintiff, (2) there was a breach of that warranty in that the product was defective at the time it left the control of the defendant, and (3) the defect proximately caused plaintiff damage." *Red Hill Hosiery Mill, Inc.*, 530 S.E.2d at 326. Because a warranty, "whether express or implied, is contractual in nature [,] [o]nly a person in privity with the warrantor may recover on the warranty." *Terry v. Double Cola Bottling Co.*, 138 S.E.2d 753, 754 (N.C. 1964). North Carolina's Products Liability Act creates a narrow exception to the privity requirement, providing that:

> [a] claimant who is a buyer, as defined in the Uniform Commercial Code, of the product involved, ... may bring a product liability action directly against the manufacturer of the product involved for breach of implied warranty; and the lack of privity of contract shall not be grounds for the dismissal of such action.

N.C. Gen. Stat. § 99B-2(b) (2013). This exception to the privity requirement, however, does not apply where a claim is for purely economic loss. *Energy Inv'rs Fund, L.P. v. Metric Constructors, Inc.*, 525 S.E.2d 441, 446 (N.C. 2000).

As discussed above, BBB's claim is for purely economic loss. Thus, to sustain a claim for breach of warranty, BBB must show that it was in privity of contract with the third-party defendants. In its complaint, BBB alleges that it purchased FireGel pursuant to a contract with Napa Home & Garden, Inc. Third-Party Compl. [DE-24] ¶ 105. In contrast, BBB alleges that Ashland "participated

6

in the design, manufacture, packaging, labeling, distribution and supply for retail sale ... [of] the FireGel," and that Ashland "was engaged in the distribution of the FireBurners and/or FireGel into the stream of commerce." *Id.* ¶¶ 144–45. BBB makes identical allegations as to Essential Ingredients. *Id.* ¶¶168–69. At no point does BBB allege that it was in privity of contract with either company. Accordingly, BBB's breach of warranty claims against Ashland and Essential Ingredients are DISMISSED.

### D. Indemnification

In general, "there is no right to indemnity as between joint tortfeasors." *Hunsucker v. High Point Bending & Chair Co.*, 75 S.E.2d 768, 771 (N.C. 1953). However, "when the active negligence of one tortfeasor and the passive negligence of another tortfeasor combine and proximately cause an injury to a third person," the passively negligent party may seek indemnity from the actively negligent party. *Id.* An actively negligent party, on the other hand, may not seek indemnity from a joint tortfeasor. *See Greene v. Charlotte Chem. Labs., Inc.*, 120 S.E.2d 82, 89 (N.C. 1961) ("There can be no indemnity among joint tortfeasors when both are actively negligent.").

Essential Ingredients argues that BBB was actively negligent as the seller of the FireGel that injured Mr. Leonard, and as such, is not entitled to indemnity. Essential Ingredients further argues that primary-secondary liability does not arise where one defendant alleges sole responsibility of his codefendant, and that BBB has alleged that the third-party defendants are solely liable to the Leonards. Essential Ingredients Mot. Dismiss Mem. [DE-82] at 11–12. This is not an accurate summary of BBB's allegations. BBB specifically alleges that, if BBB is liable to the Leonards, "Essential Ingredients, Inc., is a joint tortfeasor and is jointly liable" and that BBB's liability, if any, is only "secondary, passive, technical, vicarious, or imputed." Third-party Compl. [DE-24] ¶¶ 184–85. BBB makes identical allegations against Ashland. *Id.* ¶¶ 160–61. Although the court need not accept

7

BBB's legal conclusions as true, it must assume the truth of the factual allegations in the Third-Party Complaint, as well as the existence of any fact that can be proven consistent with those allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Based on BBB's allegations as to the third-party defendants' role in producing FireGel and BBB's own role in selling it, the court can assume the existence of facts supporting joint tortfeasorship and primary-secondary liability. BBB has pleaded a claim for indemnification sufficient to survive a Rule 12(b)(6) motion to dismiss.

### E. Contribution

In North Carolina, the right to contribution among joint tortfeasors is statutory. N.C. Gen. Stat. § 1B-1(a) ("[W]here two or more persons become jointly or severally liable in tort for the same injury to person or property . . ., there is a right of contribution among them even though judgment has not been recovered against all or any of them."). However, "[t]here is no right to contribution from one who is not a joint tortfeasor." *Holland v. Edgerton*, 355 S.E.2d 514, 517 (N.C. Ct. App. 1987).

Ashland and Essential Ingredients argue that BBB has failed to plead facts sufficient to allege that they are joint tortfeasors. *See* Ashland Mot. Dismiss Mem. [DE-76] at 17 ("BB&B has not alleged that Klucel is defective, and has not alleged that Ashland substantially participated in the design of FireGel. Therefore, BB&B has not stated a claim against Ashland under the component part doctrine, and Ashland cannot be a joint tortfeasor with BB&B."); *see also* Essential Ingredients Mot. Dismiss Mem. [DE-82] at 13. For the reasons already discussed related to indemnification, the court finds that BBB has alleged facts sufficient to state a claim for contribution, including the existence of joint tortfeasorship.

### IV. CONCLUSION

For the foregoing reasons, Ashland, Inc.'s Motion to Dismiss [DE-75] is ALLOWED in part and DENIED in part. Counts 8 and 9 of the Third-Party Complaint [DE-24] are DISMISSED. The

8

Case 5:15-cv-00284-F  Document 102  Filed 12/30/15  Page 8 of 9

action may proceed with regard to Count 10. Third-Party Defendant Essential Ingredients, Inc.'s Motion to Dismiss Counts 11, 12, and 13 of Bed Bath & Beyond, Inc.'s Third-Party Complaint [DE-80] is ALLOWED in part and DENIED in part. Counts 11 and 12 of the Third-Party Complaint [DE-24] are DISMISSED. The action may proceed with regard to Count 13.

SO ORDERED.

This the 30' day of December, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge