IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-00284-F

| | |
|---|---|
| WILLIAM LEONARD and KAREN LEONARD, <br> Plaintiffs, <br><br> v. <br><br> BED, BATH & BEYOND, INC., <br> Defendant/Third-Party Plaintiff, <br><br> v. <br><br> NAPA HOME & GARDEN, INC., et al. <br> Third-Party Defendants | **ORDER** |

This matter is before the court on Third-Party Defendant CyCan Industries, Inc.'s ("CyCan") Motion to Dismiss [DE-81]. For the reasons stated below, the instant motion is ALLOWED.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs William and Karen Leonard ("the Leonards") filed a complaint in the underlying personal injury action against Bed, Bath & Beyond, Inc. ("BBB") on April 11, 2014, in the United States District Court for the District of New Jersey.[1] Compl. [DE-1]. The Leonards' Complaint asserts claims of Negligence, Strict Products Liability, Breach of Express Warranties, Breach of Implied Warranties of Merchantability, Negligent Infliction of Emotional Distress, and Loss of Consortium. Each of the Leonards' causes of action arise out of injuries sustained by Mr. Leonard when he was burned while attempting to use FireGel Citronella Eco-Gel Fuel ("FireGel") purchased from BBB. *See id.*

---

[1] The action was later transferred to this district. *See* Order of May 22, 2015 [DE-47].

On January 12, 2015, BBB filed its Third-Party Complaint [DE-24] against Napa Home & Garden, Inc., Fuel Barons, Inc., Ashland, Inc., CyCan Industries, Inc., Losorea Packaging, Inc., and Essential Ingredients, Inc. In the event it is held liable to the Leonards, BBB seeks compensation from CyCan for claims sounding in Negligence, Breach of Implied Warranty, Product Liability, Indemnification, and Contribution. CyCan's Motion to Dismiss [DE-81] has been fully briefed and is now ripe for disposition.

BBB's claims against CyCan arise from CyCan's relationship with another company—Losorea Packaging, Inc. ("Losorea"). Accordingly, a brief discussion of the relationship between the two companies and of the FireGel supply chain is warranted. Although the specific details regarding the manufacture and distribution of the product are disputed, the court will attempt to roughly describe each company's role in the process and the companies' relationships to one another. It appears uncontested that Bed, Bath & Beyond was a retail seller of FireGel, which it purchased from a distributor, Napa Home & Garden, Inc. *See* Third-Party Compl. [DE-24] ¶ 87; CyCan Mot. Dismiss Mem. [DE-83] at 3. Napa appears to have distributed FireGel on behalf of Fuel Barons, Inc. Losorea bottled and packaged the FireGel pursuant to a contract with Fuel Barons. *See* CyCan Mot. Dismiss Mem. [DE-83] at 7.

Losorea Packaging, Inc., is a Georgia corporation with its principal place of business in Georgia. Losorea is owned by Fraggie Enterprises, LLC, a Georgia limited liability company, whose sole member is Leigh Fragnoli, a Georgia resident. *See* CyCan Mot. Dismiss Mem. [DE-83] at 6–7.

CyCan Industries, Inc., was formed in December of 2012 as a Georgia corporation with its principal place of business in Georgia. *See id.* at 3. CyCan has two shareholders—RMD Packaging, LLC, a Georgia limited liability company whose sole member is Ryan Dailey, and Lugeo, LLC, a Georgia limited liability company whose sole member is Sarah Fragnoli. *See id.* at 3–4. In March of

2

2013, CyCan purchased all or substantially all of Losorea's assets and business. *See id.* at 4–5. Prior to this sale, Ryan Dailey served as President of Losorea and Sarah Fragnoli served as Vice President. *See* BBB Resp. [DE-94] at 2. Following the sale, Leigh Fragnoli was hired as a consultant by CyCan. *See id.*

## II. STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must determine the legal sufficiency of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In so doing, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Moreover, although the court draws all reasonable factual inferences in a plaintiff's favor, the court is not obligated to accept a complaint's legal conclusions drawn from the facts. *Iqbal*, 556 U.S. at 678. Nor must the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). "In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

3

Under Federal Rule of Civil Procedure 12(b)(2), the party asserting personal jurisdiction has the burden to prove the existence of a ground for jurisdiction by a preponderance of the evidence. *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). "Where a challenge to personal jurisdiction is addressed only on the basis of motion papers, supporting legal memoranda, and the relevant allegations of a complaint, 'the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Pan-Am. Prods. & Holdings, LLC v. R.T.G. Furniture Corp.*, 825 F. Supp. 2d 664, 676 (M.D.N.C. 2011) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). In that instance, the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs*, 886 F.2d at 676. "[W]here the defendant provides evidence that denies the facts essential for jurisdiction, the plaintiff must present sufficient evidence to create a factual dispute on each jurisdictional element which has been denied by the defendant and on which the defendant presented evidence." *Pan-Am.*, 825 F. Supp. 2d at 676 (citing *Pinpoint IT Servs., L.L.C. v. Atlas IT Export Corp.*, 812 F. Supp. 2d 710, 716–17 (E.D. Va. 2011); *Indus. Carbon Corp. v. Equity Auto & Equip. Leasing Corp.*, 737 F. Supp. 925, 926 (W.D. Va. 1990)). At this stage, if the court determines that a plaintiff has established a prima facie showing of personal jurisdiction, the court "will proceed as if it has personal jurisdiction over [the] matter, although factual determinations to the contrary may be made at trial." *Pinpoint*, 812 F. Supp. 2d at 717 (citing 2 James W. Moore et al., *Moore's Federal Practice* ¶ 12.31 (3d ed. 2011)).

## III. DISCUSSION

The parties agree that CyCan's corporate existence began several months after Mr. Leonard's injuries occurred, and that soon after its formation, CyCan acquired all or substantially all of the assets and business of Losorea, Inc. BBB's claims against CyCan, therefore, are grounded in Losorea's conduct and are predicated on a theory of successor liability.

Generally, "where one company sells or otherwise transfers all its assets to another company, the latter is not liable for the debts and liabilities of the transferor." *City of Richmond v. Madison Mgmt. Grp., Inc.*, 918 F.2d 438, 450 (4th Cir. 1990) (quoting 15 W. Fletcher, *Cyclopedia of the Law of Private Corporations,* § 7122, at 188 (rev. perm. ed. 1983)). North Carolina, however, recognizes four exceptions to the rule against successor liability:

> (1) where there is an express or implied agreement by the purchasing corporation to assume the debt or liability; (2) where the transfer amounts to a *de facto* merger of the two corporations; (3) where the transfer of assets was done for the purpose of defrauding the corporation's creditors; or (4) where the purchasing corporation is a "mere continuation" of the selling corporation in that the purchasing corporation has some of the same shareholders, directors, and officers.

*G.P. Publ'ns, Inc. v. Quebecor Printing-St. Paul, Inc.*, 481 S.E.2d 674, 679 (N.C. Ct. App. 1997) (citing *Budd Tire Corp. v. Pierce Tire Co.*, 370 S.E.2d 267, 269 (N.C. Ct. App. 1988)). Thus, in order to bring a claim against a corporation based on the conduct of its predecessor, a plaintiff must allege at least one basis for successor liability. *See Becker v. Graber Builders, Inc.*, 561 S.E.2d 905, 909 (N.C. Ct. App. 2002) (dismissing a complaint for failure to state a claim where the plaintiff "allege[d] no facts supporting one of the four well-settled exceptions to [the] general rule against successor liability").

Here, BBB's third-party complaint lacks sufficient factual allegations to support successor liability. BBB makes the following factual allegations: (1) "CyCan's management is identical to Losorea's"; (2) "CyCan engages in the same line of business as Losorea, that is, the

5

manufacturing of aerosols and other chemicals"; and (3) "CyCan uses Losorea's facility, equipment, employees, name brand (Quality Aerosols) and customers." Third-Party Compl. [DE-24] ¶¶ 94–96.[2] These factual allegations, standing alone, appear to describe a run-of-the-mill sale of a business's assets—not the type of unusual transaction that would give rise to successor liability under one of the four exceptions. In order to state a claim for relief under a successor liability theory, BBB must allege facts supporting one of these exceptions. It has not done so here. Accordingly, BBB's claims against CyCan are DISMISSED. Because the court believes it may be possible for BBB to amend its complaint sufficiently to allege successor liability, the dismissal will be without prejudice.

In addition to its arguments that BBB has failed to state a claim, CyCan also objects to the court's exercise of personal jurisdiction. Because the court has found that dismissal is appropriate under Rule 12(b)(6), it need not address CyCan's Rule 12(b)(2) arguments. Nonetheless, the court notes that it may exercise personal jurisdiction over a successor corporation to the extent that such jurisdiction exists over its predecessor corporation. *See Madison Mgmt. Grp.*, 918 F.2d at 454–55 ("The great weight of persuasive authority permits imputation of a predecessor's actions upon its successor *whenever* forum law would hold the successor liable for its predecessor's actions." (quoting *Simmers v. American Cyanamid Corp.*, 576 A.2d 376, 385 (Pa. Super. Ct. 1990))).

---

[2] Additionally, BBB reaches the following legal conclusions: (1) "CyCan is the successor in interest to Losorea," and (2) "Losorea's sale to CyCan was entered into to escape liability associated with FuelGel litigation including the present suit." Third-Party Compl. [DE-24] ¶¶ 93, 97. When considering a motion to dismiss under Rule 12(b)(6), the court need not accept BBB's legal conclusions as true.

6

## IV. CONCLUSION

For the foregoing reasons, CyCan Industries, Inc.'s Motion to Dismiss [DE-81] is ALLOWED. BBB's claims against CyCan are DISMISSED without prejudice to refile a complaint sufficiently alleging CyCan's successor liability.

SO ORDERED.

This the  8  day of January, 2016.

JAMES C. FOX
Senior United States District Judge