IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-00284-F

WILLIAM LEONARD and KAREN )
LEONARD, )
        Plaintiffs, )
)
v. )    **ORDER**
)
BED, BATH & BEYOND, INC., )
        Defendant/Third-Party Plaintiff, )
)
v. )
)
NAPA HOME & GARDEN, INC., et al. )
        Third-Party Defendants )

This matter is before the court on Third-Party Defendant Essential Ingredients, Inc.'s Motion to Reconsider [DE-103]. For the reasons that follow, the instant motion is DENIED.

## I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiffs William and Karen Leonard ("the Leonards") filed a Complaint in the underlying personal injury action against Bed, Bath & Beyond, Inc. ("BBB") on April 11, 2014, in the United States District Court for the District of New Jersey.[1] Compl. [DE-1]. The Leonards' Complaint asserts claims of Negligence, Strict Products Liability, Breach of Express Warranties, Breach of Implied Warranties of Merchantability, Negligent Infliction of Emotional Distress, and Loss of Consortium. Each of the Leonards' causes of action arise out of injuries sustained by Mr. Leonard when he was burned while attempting to use FireGel Citronella Eco-Gel Fuel ("FireGel") purchased from BBB. *See id.*

---

[1] The action was later transferred to this district. *See* Order of May 22, 2015 [DE-47].

On January 12, 2015, BBB filed its Third-Party Complaint [DE-24] against a number of Third-Party Defendants, including Essential Ingredients, Inc., seeking compensation for claims sounding in Negligence, Breach of Implied Warranty, Product Liability, Indemnification, and Contribution. On December 30, 2015, the court dismissed BBB's Negligence, Breach of Implied Warranty, and Product Liability claims against Essential Ingredients. *See* Order of Dec. 30, 2015 [DE-102]. Essential Ingredients now moves for reconsideration of that Order.

## II.     STANDARD OF REVIEW

Generally, motions for reconsideration are allowed only at the discretion of the court and only under certain circumstances. *See Ga.-Pac. Consumer Prods. v. Von Drehle Corp.*, 815 F. Supp. 2d 927, 929 (E.D.N.C. 2011). Those circumstances are typically (1) to correct manifest errors of law or fact or (2) to consider newly discovered evidence. *See id.* Motions to reconsider "are improper if they serve merely to ask the Court 'to rethink what the Court had already thought through—rightly or wrongly.'" *See id.* (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Typically, affirmative defenses will not be resolved by a ruling on a Rule 12(b)(6) motion to dismiss, which tests only the legal sufficiency of the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). In the "relatively rare circumstance[ ]," however, where "all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint*,'" the court may reach the defense at the Rule 12(b)(6) stage. *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) (second alteration and emphasis in original)).

2

## III.    DISCUSSION

Essential Ingredients correctly points out that the court failed to discuss whether North Carolina's "sealed container" defense shields the company from liability. Accordingly, Essential Ingredients asks the court to reconsider its Order of December 30, 2015 with regard to that issue alone. The court, however, finds Essential Ingredients' arguments on this matter premature at the 12(b)(6) stage.

In North Carolina, a "seller" cannot be held liable in a products liability action, other than an action for breach of express warranty, when the product was acquired and sold by him (1) "in a sealed container," or (2) "under circumstances in which the seller was afforded no reasonable opportunity to inspect the product in such a manner that would have or should have, in the exercise of reasonable care, revealed the existence of the condition complained of, unless the seller damaged or mishandled the product while in his possession." N.C. Gen. Stat. § 99B-2(a). A "seller includes a retailer, wholesaler, or distributor, and means any individual or entity engaged in the business of selling a product, whether such sale is for resale or for use or consumption." *Id.* § 99B-1(4). A manufacturer, on the other hand, "means a person or entity who designs, assembles, fabricates, produces, constructs or otherwise prepares a product or component part of a product prior to its sale to a user or consumer." *Id.* § 99B-1(2).

Essential Ingredients argues that it is a mere distributor of Klucel, an ingredient in the FireGel that allegedly injured the Plaintiffs. As a distributor, Essential Ingredients claims that it "received packaged/sealed drums of the component ingredient and merely sold the same to the manufacturers of the FireGel for use in their proprietary product." Mot. Dismiss Mem. [DE-82] at 16. Therefore, Essential Ingredients argues, it falls squarely within the ambit of § 99B-2's

3

sealed container defense. In contrast, BBB alleges Essential Ingredients participated in the design and manufacture of FireGel. Third-Party Compl. [DE-24] ¶ 168.

Whether the sealed container defense applies in this case will depend on the precise nature of Essential Ingredients' role in producing and manufacturing FireGel. Clearly, the parties disagree on that point, so a factual determination must be made. At the 12(b)(6) stage, however, the court does not decide factual disputes, but tests the sufficiency of the complaint. Because the sealed container defense's applicability is not clearly apparent from the face of the complaint, Essential Ingredients cannot prevail on its affirmative defense at this point in the litigation.

## IV. CONCLUSION

For the foregoing reasons, Third-Party Defendant Essential Ingredients, Inc.'s Motion to Reconsider [DE-103] is DENIED.

SO ORDERED.

This the __15__ day of March, 2016.

James C. Fox

JAMES C. FOX
Senior United States District Judge

4